# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        *Plaintiff*,

vs.                                   Case No. 07-10142-04-JTM

JONEARL SMITH,

        *Defendant.*

## MEMORANDUM AND ORDER

Presently before the court are several of defendant Jonearl Smith's motions. The court held a hearing on December 1, 2008, where it made several detailed findings. For the reasons stated on the record, the court rules as follows.

Smith's motion for disclosure of expert witnesses (Dkt. No. 665) is granted as uncontested.

Smith's motion for disclosure of the identity of confidential informants and documents (Dkt. No. 661) is granted in that the government must provide the information thirty days prior to trial, as set forth in the scheduling order.

Smith's motion for adequate court facilities (Dkt. No. 666) is denied without prejudice. At this point, it is denied as impossible to grant because there is simply no way to give all of the individual defendants their own counsel table during the trial. If, however, there are only a small number of defendants that go to trial, then the motion may be reconsidered.

Smith's motion to exclude co-conspirators testimonial statements (Dkt. No. 670) is reserved. The court believes that the *James* hearing will clear up many matters in this case. Further, the court believes that specific objections as the trial nears will be helpful in ruling on this motion.

Smith's motion to produce grand jury transcripts (Dkt. No. 668) is granted narrowly. Federal Rule of Criminal Procedure 6 governs disclosure of grand jury minutes, witnesses, and transcripts. The secrecy of the grand jury proceedings is extremely important. *United States v. Procter & Gamble*, 356 U.S. 677, 682 (1958). The Supreme Court has repeatedly held that grand jury materials can be disclosed only when the party requesting disclosure shows a particularized need that outweighs the policy of secrecy. *Dennis v. United States*, 384 U.S. 855, 870 (1966). The burden to show that particularized need falls upon the party requesting the disclosure. *Douglas Oil Co.,* 441 U.S. at 223. The request must be structured to cover only material needed to avoid injustice. *In re Grand Jury*, 118 F.3d 1433, 1437 (10th Cir. 1997). It must be more than just permission "to engage in a fishing expedition." *Id.*

Even if the requesting party can show a particularized need that outweighs the policy of secrecy, the information disclosed must be done discreetly and in a narrow and limited manner. *Dennis*, 384 U.S. at 870. Thus, if able to meet its burden, the requesting party may have access only to relevant portions of the grand jury materials. *Id.*

Smith has failed to show a particularized need to receive all the transcripts. However, the government is ordered to turn over the grand jury transcripts as it relates to Mr. Smith by Friday, January 9, 2009.

Smith's motion for discovery (Dkt. No. 562) is granted in part and denied in part as follows. Mr. Smith's request for a copy of the CDs is granted, as the government provides that Mr. Smith need only seek a copy. Mr. Smith's request for DNA analysis is denied because such analysis does not exist. However, the government is ordered to check to see if the swabs are still available and notify Smith if they are. Smith's request for the incident history and copy of police dispatch transmissions is denied because the government states that it does not have a copy. However, the government is ordered to determine if they do exist, and then turn it over to Smith if it does. The government has agreed to provide Mr. Smith with his "gang sheet", as well as the property receipt from the 2006 incident.

Smith's motion for disclosure by the government of 404(b) evidence (Dkt. No. 659) is granted insofar as the 404(b) deadlines are set out in the scheduling order.

Smith's motion for a bill of particulars (Dkt. No. 672) is denied for the reasons detailed on the record.

IT IS ACCORDINGLY ORDERED this 3rd day of December, 2008.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

3